UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Respondent/Plaintiff,<br><br>    v.<br><br>FLOYD STRICKLAND,<br><br>                  Petitioner/Defendant. | Case No. 2:03-CR-00350-LRH<br><br>ORDER |

Before the Court is Defendant Floyd Strickland's ("Strickland") motion requesting status report and/or update (ECF No. 2035). The Government has not filed an opposition.

It appearing that the court's latest order in defendant's case may not have reached him, the Court grants the motion requesting status report and attaches its order denying defendant Strickland's motion to reconsider (ECF No. 2033) hereto.

IT IS SO ORDERED.

DATED this 25th day of May, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

1

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent/Plaintiff,<br><br>v.<br><br>FLOYD STRICKLAND,<br><br>Petitioner/Defendant. | Case No. 2:03-CR-00350-LRH<br><br>ORDER |

Before the Court is Defendant Floyd Strickland's ("Strickland") motion for reconsideration (ECF No. 2032) of this Court's order (ECF No. 2029) denying without prejudice his motion for compassionate release (ECF No. 2003). The Government filed an opposition (ECF No. 2005) to the original motion for compassionate release and filed no response to the present motion.

For the reasons articulated in this Order, the Court denies the motion for reconsideration.

**I.   BACKGROUND**

This case involves significant gang activity which took place in Las Vegas and North Las Vegas between 1990 and 2003. Strickland was a member of the Rolling 60s Crips: a criminal organization whose members committed serious crimes including murder, armed robbery, and drug distribution. In 2006, a federal grand jury indicted Strickland for various crimes related to criminal racketeering and gang activity connected to the Rolling 60s Crips.

Strickland eventually pled guilty to Conspiracy to Engage in a Racketeer Influenced Corrupt Organization. 18 U.S.C. § 1962(d). Strickland's involvement in the gang was especially concerning. He engaged in numerous drug transactions, unlawfully possessed weapons, and

murdered a rival gang member. Quite notably, the murder victim was the primary caregiver to a special needs daughter.

The Court, limited by the binding plea agreement, sentenced Strickland to a 264-month sentence. Strickland is serving his sentence at USP Florence – High in Colorado with a projected release date of July 29, 2023.

On May 4, 2020, in response to the COVID-19 pandemic, Strickland filed a motion for compassionate release. ECF No. 2003. Strickland claimed extraordinary circumstances existed because he was especially susceptible to COVID-19 while incarcerated. Strickland sought a jurisdictional waiver and an order shortening his sentence or releasing him to home confinement. Now that Strickland has exhausted his administrative remedies, the Court confronts the substance of Strickland's original motion via his motion for reconsideration.

## II.     LEGAL STANDARD

Under 18 U.S.C. § 3582(c), "the court may not modify a term of imprisonment once it has been imposed," except under specified conditions. For a motion brought under § 3582(c)(1)(A)(i), those specified conditions include the exhaustion of administrative remedies or the Bureau of Prison's inaction for thirty days. The Court previously denied Strickland's motion without prejudice because he failed to exhaust the administrative remedies available to him via the Bureau of Prisons. Now, after review of Strickland's exhibits, the Court finds that Strickland has exhausted the administrative remedies available. *See* ECF No. 2032, at 9–14 (BOP denying Strickland's compassionate release requests).

18 U.S.C. § 3582(c)(1)(A) provides:

[T]he court, . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses, for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

2

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The relevant United States Sentencing Guidelines policy statement provides that the Court may reduce a term of imprisonment if the Court determines that:

 (1) (A) extraordinary and compelling reasons warrant the reduction; or

   (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. 3559(c) for the offense or offenses for which the defendant is imprisoned;

 (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and

 (3) the reduction is consistent with this policy statement.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). Extraordinary and compelling reasons include (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) any other extraordinary or compelling reason, as determined by the Director of the Bureau of Prisons. *Id.* § 1B1.13 app. n.1.

The Court, in ruling upon a motion for compassionate release, may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." In addition to this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) to the extent that they are applicable and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

**III. DISCUSSION**

As an initial matter, Strickland does not show extraordinary or compelling reasons warranting release or a reduction in his sentence. Strickland does not cite to a specific medical condition which may complicate a COVID-19 infection, but rather, cites to the pandemic generally. At the relatively young age of 42, Strickland's general assertion does not demonstrate with specificity that he is at a unique risk to become severely ill from COVID-19.

Moreover, Strickland is serving his 264-month sentence at USP Florence – High ("Florence"). There is no indication that Florence is experiencing a substantial outbreak of

COVID-19.[1] The BOP reports that there are 728 inmates at Florence. Of those 728 inmates, 3 are currently infected by the COVID-19 virus. Florence is following BOP required procedures required to control the spread of the virus and, while an outbreak is not entirely preventable, the steps taken by BOP appear to have diminished the threat of a COVID-19 flare-up at Florence.

Promises of a vaccine are also encouraging. It appears that the COVID-19 vaccine will be administered to all federal inmates following a "tiered" prioritization schedule like that of the general population. An individual such as Strickland—who is 42 years old and is suffering from no significant medical conditions—is considered "Priority Level 4." After correctional staff and more at-risk inmates receive their vaccines, Strickland should be next in line. According to the CDC, as of January 15, 2021, the BOP leads all jurisdictions and Federal entities in its vaccination utilization.[2] Specifically, the BOP has administered 97 percent of all vaccine doses it has received. This is quite significant as it bucks the trend of underutilization of vaccine doses currently seen across the United States. The Court expects that inmates like Strickland will receive the vaccine sooner rather than later. Therefore, on balance, the Court finds that extraordinary and compelling reasons do not exist in this case.

Lastly, the section 3553(a) factors do not warrant release.

Strickland was a budding member of a violent gang in Las Vegas. His arrest in 2006 was part of a two-year long investigation into the killings of 15 individuals because of a violent drug war. Strickland participated in the enterprise by selling cocaine numerous times, unlawfully possessing a Ruger handgun, Model P89DAO 9mm, and ultimately, murdering another individual for being an enemy of the Rolling 60s Crips gang. Strickland shot the murder victim in the upper back while in the parking lot of a local grocery store. The consequences of Strickland's actions are significant, as the murder victim's wife was sadly left alone to take care of their special needs daughter. The Court is not convinced the general threat of the COVID-19 pandemic outweighs his danger to the community at this time.

///

---

[1] Bur. of Prisons, COVID-19, https://www.bop.gov/coronavirus/ (last visited Feb. 1, 2021).
[2] Bur. of Prisons, *COVID-19 Vaccination Efforts Commended* (Jan. 16, 2021), https://www.bop.gov/resources/news/20210116_covid_vaccine_efforts_commended.jsp

4

Therefore, because Strickland has no apparent medical conditions, and the 3353(a) factors do not warrant release, the Court will deny his motion for reconsideration. The Court finds that Strickland should serve the full sentence imposed against him to reflect the seriousness of his offense, to promote respect for the law, and to provide just punishment for his offenses committed.

**IV.    CONCLUSION**

IT IS THEREFORE ORDERED that Strickland's motion for reconsideration (ECF No. 2032) is **DENIED.**

IT IS SO ORDERED.

DATED this 2nd day of February, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE